# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KIRK ALLEN NEWBY, | ) |
| Movant, | ) |
| v. | ) No. 4:16-CV-1060 RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Kirk Newby to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied.

Movant argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Court held that the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

In this case, movant entered a voluntary plea of guilty to Conspiracy with the Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class A Felony, and

Possession of Firearm During and in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1) and (2), likewise a Class A Felony. *See United States v. Newby*, 4:07CR392 RWS (E.D. Mo.). The Court sentenced him to consecutive sentences of ten years and fifteen years' imprisonment. The Court did not enhance his sentence under the ACCA or Chapter Four of the United States Sentencing Guidelines.

Because movant's sentence was not enhanced because of a prior conviction for a "violent felony" or a "crime of violence," *Johnson* is inapplicable and does not provide him with relief. As a result, the motion to vacate must be denied.

Finally, movant has not met the burden for issuing a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Court vacates its Order dated September 19, 2016, referring this matter to the United States Probation Office.

Dated this 20th day of September, 2016.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE